IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| ALVOGEN PINE BROOK, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Purdue Pharma L.P. ("Purdue Pharma" or "Plaintiff"), for its Complaint against Defendant Alvogen Pine Brook, LLC ("Alvogen" or "Defendant"), avers as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for infringement of United States Patents Nos. 9,198,863 (the "'863 patent") and 9,205,056 (the "'056 patent"). This action relates to Abbreviated New Drug Application ("ANDA") No. 208269 ("Defendant's ANDA"), submitted upon information and belief in the name of Alvogen Pine Brook, Inc. (now Alvogen Pine Brook, LLC) to the United States Food and Drug Administration ("FDA"). Defendant's ANDA seeks approval to market generic versions of Purdue's Hysingla® ER (hydrocodone bitartrate) ("Hysingla® ER"), which is the subject of approved New Drug Application ("NDA") No. 206627, in 20 mg, 30 mg, 40 mg, 60 mg, 80 mg, 100 mg and 120 mg dosage strengths ("Defendant's ANDA Products").

2. On August 5, 2015, Purdue Pharma, along with Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals"), The P.F. Laboratories, Inc. ("P.F. Labs") (collectively,

"Purdue"), and Grünenthal GmbH ("Grünenthal"), filed a related complaint against Defendant, C.A. No. 15-687-GMS, for patent infringement of United States Patent Nos. 6,733,783 (the "'783 patent"); 8,361,499 (the "'499 patent"); 8,551,520 (the "'520 patent"); 8,647,667 (the "'667 patent"); 9,023,401 (the "'401 patent"); 8,529,948 (the "'948 patent"); 8,808,740 (the "'740 patent"); and 8,309,060 (the "'060 patent").

3. On September 4, 2015, Purdue Pharma filed another related complaint against Defendant, C.A. No. 15-784-GMS, for patent infringement of United States Patents Nos. 9,056,052 (the "'052 patent") and 9,060,940 (the "'940 patent").

4. On October 16, 2015, Purdue Pharma, along with Purdue Pharmaceuticals, filed another related complaint against Defendant, C.A. No. 15-940-GMS, for patent infringement of United States Patent Nos. 9,084,816 (the "'816 patent"); 9,095,614 (the "'614 patent"); and 9,095,615 (the "'615 patent").

5. Civil actions 15-687-GMS, 15-784-GMS, and 15-940-GMS (the "Civil Actions") were filed in connection with Defendant's ANDA. The patents-in-suit in those cases are listed in the FDA's *Approved Drug Products With Therapeutic Equivalence Evaluation* (the "Orange Book") as, *inter alia*, covering the use of Hysingla® ER. Defendant's ANDA contains "Paragraph IV" certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the patents are "invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer for sale or importation of" products described in Defendant's ANDA. *See* 35 U.S.C. § 271(e)(2).

6. On November 17, 2015, the Civil Actions were consolidated under lead case *Purdue Pharma L.P., et al. v. Alvogen Pine Brook, LLC, et al.*, C.A. No. 15-687-GMS (consolidated).

## THE PARTIES

7. Purdue Pharma is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431. Purdue Pharma is the owner of the '863 patent and '056 patent identified in paragraphs 14-15 below. Purdue Pharma also is the holder of approved NDA No. 206627 for Hysingla® ER, indicated for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment in patients for whom alternative treatment options are inadequate. Purdue Pharma sells Hysingla® ER in the United States.

8. On information and belief, Alvogen is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 10B Bloomfield Ave., Pine Brook, New Jersey 07058.

## SUBJECT MATTER JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, including 35 U.S.C. § 271 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## PERSONAL JURISDICTION

12. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, its incorporation in Delaware and its systematic and continuous marketing, manufacturing, and distributing of, *inter alia*, generic pharmaceutical products in Delaware. In addition,

Defendant has previously submitted to the jurisdiction of this judicial district and has asserted counterclaims in civil actions initiated in this jurisdiction. *See, e.g.*, *Purdue Pharma L.P., et al. v. Alvogen Pine Brook, LLC, et al.*, C.A. No. 15-687-GMS (consolidated) (D.I. 7) (D. Del. August 5, 2015); *Reckitt Benckiser Pharm., Inc. v. Alvogen Pine Brook, Inc.*, C.A. No. 13-2003-RGA (D. Del. Feb. 4, 2014) (D.I. 30); *Novartis Pharm. Corp. v. Alvogen Pine Brook, Inc.*, C.A. No. 13-52-RGA (D. Del. Jan. 31, 2013) (D.I. 14).

13. Further, this Court has personal jurisdiction over Defendant by virtue of the fact that Defendant has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, which has led to foreseeable harm and injury to Purdue Pharma, which is a limited partnership organized and existing under the laws of the State of Delaware.

## THE PATENTS-IN-SUIT

14. Purdue Pharma is the lawful owner of all right, title, and interest in the '863 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof. The '863 patent is listed in the Orange Book as covering Hysingla® ER, which is the subject of approved NDA No. 206627. A copy of the '863 patent, attached hereto as Exhibit A, was duly and legally issued on December 1, 2015, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred Tonelli as the inventors.

15. Purdue Pharma is the lawful owner of all right, title, and interest in the '056 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof. The '056 patent is listed in the Orange Book as covering Hysingla® ER, which is the subject of approved NDA

4

No. 206627. A copy of the '056 patent, attached hereto as Exhibit B, was duly and legally issued on December 8, 2015, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred Tonelli as the inventors.

### DEFENDANT'S ANDA

16. On information and belief, on or before June 19, 2015, Alvogen filed Defendant's ANDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Defendant's ANDA Products, generic products based on the Reference Listed Drug Hysingla® ER, which is the subject of approved NDA No. 206627.

17. On information and belief, Defendant's ANDA contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '863 patent and '056 patent listed in the FDA's Orange Book as, *inter alia*, covering the use of Hysingla® ER, which is the subject of approved NDA No. 206627, are "invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer for sale or importation of" the drug products described in Defendant's ANDA.

18. In a letter dated January 8, 2016, addressed to Purdue Pharma and received by Purdue Pharma on or about January 11, 2016, Defendant provided what purports to be "Notification Pursuant to Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act" with respect to Defendant's ANDA and Defendant's ANDA Products, and the '863 patent and '056 patent ("Notice Letter").

19. Defendant's submission of Defendant's ANDA, as amended, was an act of infringement of the '863 patent and '056 patent under the United States Patent Law, 35 U.S.C. § 271(e)(2)(A).

20. Purdue Pharma is commencing this action within the 45-day period after receiving the Notice Letter as described in 21 U.S.C. § 355(j)(5)(B)(iii).

**FIRST CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,198,863)**

21. Purdue Pharma incorporates by reference and realleges paragraphs 1 through 20 above as though fully restated herein.

22. Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208269 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '863 patent by Defendant.

23. Defendant's ANDA Products, or the use or manufacture thereof, are covered by one or more claims of the '863 patent, including but not limited to independent claims 1, 12, 21 and 28, which recite, *inter alia*, a solid oral controlled-release dosage form which comprises hydrocodone, and various claims dependent therefrom.

24. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '863 patent under 35 U.S.C. § 271(a)-(c).

25. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '863 patent.

26. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '863 patent.

27. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

28. If Defendant's ANDA Products are approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '863 patent by others, with knowledge that their acts are encouraging infringement.

29. Upon information and belief, Defendant has been aware of the existence of the '863 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '863 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

30. Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '863 patent. Purdue Pharma does not have an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 9,205,056)

31. Purdue Pharma incorporates by reference and realleges paragraphs 1 through 30 above as though fully restated herein.

32. Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208269 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '056 patent by Defendant.

33. Defendant's ANDA Products, or the use or manufacture thereof, are covered by one or more claims of the '056 patent, including but not limited to independent claims 1, 12, 21 and 28, which recite, *inter alia*, a solid oral controlled-release dosage form which comprises hydrocodone, and various claims dependent therefrom.

34. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute

to the infringement of, and induce the infringement of one or more claims of the '056 patent under 35 U.S.C. § 271(a)-(c).

35. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '056 patent.

36. On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '056 patent.

37. On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

38. If Defendant's ANDA Products are approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '056 patent by others, with knowledge that their acts are encouraging infringement.

39. Upon information and belief, Defendant has been aware of the existence of the '056 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '056 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

40. Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '056 patent. Purdue Pharma does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. Adjudging that Defendant has infringed one or more claims of each of the '863 patent and '056 patent, and that the commercial sale, offer for sale, use, importation, and/or

manufacture of Defendant's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the '863 patent and '056 patent;

   B. Adjudging, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 208269 and Defendant's ANDA Products, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), to be a date not earlier than the last date of expiration of the '863 patent and '056 patent, plus any additional periods of extension or exclusivity attached thereto;

   C. Preliminarily and permanently enjoining, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product that is the subject of ANDA No. 208269, including Defendant's ANDA Products or any other drug product that infringes the '863 patent and '056 patent;

   D. Declaring this an exceptional case and awarding Plaintiff its attorneys' fees and costs, as provided by 35 U.S.C. §§ 271(e)(4) and 285; and

   E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

OF COUNSEL:

Jeffrey I.D. Lewis
Justin M. Ross
Naz E. Wehrli
Andrea L. McChristian
FRIED FRANK HARRIS SHRIVER
& JACOBSON LLP
One New York Plaza
New York, NY  10004

January 20, 2016

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff Purdue Pharma L.P.*